People v Torres (2025 NY Slip Op 00387)

People v Torres

2025 NY Slip Op 00387

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Ind No. 2368/19 Appeal No. 3550 Case No. 2023-03225 

[*1]The People of the State of New York, Respondent,
v
Ricardo Torres, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Cathy Liu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddiqui of counsel), for respondent.

Order, Supreme Court, Bronx County (Laurence E. Busching, J.), entered on or about October 6, 2022, which, after a hearing, adjudicated defendant a risk level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
After applying an automatic override for a prior felony sex crime conviction, which defendant does not dispute was properly applied, the court providently exercised its discretion in declining a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant did not "offer sufficient proof to demonstrate that his age or physical condition impacted his ability to reoffend" (People v Torres, 220 AD3d 514, 515 [1st Dept 2023], lv denied 41 NY3d 908 [2024]), particularly given that he committed the underlying crimes less than five years earlier, and while suffering from many of the same physical ailments (see People v Feldmeth, 230 AD3d 1040, 1040 [1st Dept 2024]).
Defendant's family support, post-release living situation, and completion of prison vocational training and other programming were taken into account by the risk assessment instrument (see People v Alam,227 AD3d 576, 576 [1st Dept 2024], lv denied 42 NY3d 907 [2024]; People v Shaia, 221 AD3d 434, 435 [1st Dept 2023], lv denied 41 NY3d 906 [2024]). Moreover, he failed to demonstrate how these factors "reduced his particular likelihood of reoffense or danger to the community" (People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025